**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TRESSIE BAILEY** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No.** |
| | § | |
| **-vs-** | § | |
| | § | |
| **FISERV SOLUTIONS, LLC** | § | **Jury Trial Demanded** |
| | § | |
| **Defendant.** | § | |

_____

**PLAINTIFF'S ORIGINAL COMPLAINT**
_____

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES TRESSIE BAILEY ("Plaintiff"), by and through her attorneys The UNIVERSAL LAW GROUP, and files this lawsuit against FISERV SOLUTIONS, LLC ("Defendant") and for cause of action would show the following:

## I.  NATURE OF CLAIMS

1. This is claim for discrimination on the basis of race, gender, and disability in violation of Title VII of the Civil Rights Act of 1964 as well as discrimination, failure to engage in the reasonable interactive process, and failure to offer reasonable accommodation in violation of the Americans with Disabilities Act, as amended.

## II. JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has brought a claim pursuant to Title VII of the Civil Rights Act of 1964, as

amended, and 42 U.S.C. Sec. 2000e et seq.  Also, this Court has federal question jurisdiction because Plaintiff has brought a claim pursuant to 42 U.S.C. 126, et seq.

3.  Venue is proper in this district because all or a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

### III.    CONDITIONS PRECEDENT

4.  All conditions precedent to jurisdiction have occurred or been complied with.

5.  Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission on March 3, 2023.  Plaintiff alleged discrimination on the basis of Race, Sex, Disability and Retaliation.

6.  On February 16, 2024, the Equal Employment Opportunity Commission issued its Determination and Notice of Rights which Plaintiff received Plaintiff received on February 19, 2024.

### IV.    PARTIES

7.  Plaintiff, Tressie Bailey, is an individual who resides in Fort Bend County, Texas.

8.  Defendant, Fiserv Solutions, LLC is a foreign corporation doing business in Texas. Defendant employs more than 15 people and is an employer within the meaning of Title VII.  Defendant also employs more than 25 people and is an employer with the meaning of the Americans with Disabilities Act.

### V.    FACTUAL BACKGROUND

9.  All statements are made upon information and belief.

10. Plaintiff, Tressie Bailey, is African-American, female, and disabled as recognized under the Americans with Disabilities Act.

11. Plaintiff's diagnosed disability is anxiety and panic attacks.

12. Plaintiff was employed by Defendant from June of 1990 until January of 2023, over 30 years.  After promotions, her final position was Manager, Client Service Management.

13. Plaintiff was always highly regarded by Defendant and received promotions, raises and bonuses throughout her career.

14. In early 2021, during the Covid-19 pandemic, Defendant required all employees, including Plaintiff, to work from home.

15. Around September of 2021, Defendant began asking employees to return to work. This was not a full return to work as Defendant had subsequent outbreaks of Covid-19 in the workplace and repeatedly sent employees back to work-from-home schedules during this time.

16. In October of 2021, as a result of Plaintiff's disability, Plaintiff requested a reasonable accommodation of being allowed to continue to work from home.  That requested accommodation was approved through March of 2022.  Many other employees requested and received the same accommodation.

17. During the period of her accommodation, Plaintiff was able to fully perform the essential functions of her job and continued to receive raises and bonuses.

18. In March of 2022, Plaintiff requested that her reasonable accommodation be extended as she was still able to perform the essential functions of her job and other

3

employees were also receiving the same accommodation.   Defendant approved her requested accommodation and extended her work-from-home period to July 31, 2022.

19. During this time, Plaintiff was able to fully perform the essential functions of her job and continued to receive raises and bonuses.

20. In August of 2022, Plaintiff requested to be approved for short term disability leave in order to receive treatment for her disability.  Defendant approved Plaintiff for short term disability through December of 2022.

21. In December of 2022, Plaintiff was notified by Defendant that her short-term disability was ending but that Defendant was "committed to providing reasonable accommodations", that "[a]n ADA accommodation request will be automatically initiated", and that Defendant will work with [Plaintiff] to identify reasonable accommodations that would allow [Plaintiff] to perform [her job]."

22. In response, Plaintiff requested the reasonable accommodation of being allowed to work from home through February 28, 2023 in order to complete her ongoing medical treatment for her disability.

23. On January 11, 2023, Defendant notified Plaintiff that her requested accommodation was denied and that Defendant would accept Plaintiff's resignation.

24. Plaintiff advised Defendant that she would not resign.

25. On or about January 22, 2023, Plaintiff received a letter from Defendant advising her that Defendant had accepted her resignation.

4

26. At all times, Plaintiff was aware that two other white male employees in similar positions with similar job duties were permitted to work-from-home full time.  Upon information and belief, those two other white male employees are continuing to work-from-home full time for Defendant through today.

27. Those two white male employees had substantially similar job duties including attending client meetings which Plaintiff was expected to attend.

28. Plaintiff's requested accommodation was not an undue burden on Defendant as Defendant offered an identical accommodation to other similarly situated employees and to Plaintiff.

29. At all relevant times, Plaintiff was qualified to perform her job and was able to successfully complete all of the essential functions of her job.

30. Plaintiff was never notified by Defendant that working at the office was an essential function of her job until she was being terminated.

31. Plaintiff's medical condition of anxiety and panic attacks is a qualifying disability under the Americans with Disabilities Act, or alternatively, was regarded as a qualifying disability by Defendant.

32. Defendant terminated Plaintiff without engaging in the interactive process of meeting with Plaintiff to determine if a reasonable accommodation could be reached that would allow her to continue working with her disability.

33. Defendant terminated Plaintiff in retaliation for Plaintiff exercising her protected rights under the Americans with Disabilities Act of requesting a reasonable accommodation.

## VI.CAUSE OF ACTIONS

### Count One

**Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.**

34. The foregoing paragraphs are realleged and incorporated by reference herein.

35. The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII.

36. Specifically, Defendant allow two similarly situated white employees to work from home full time while at the same time denying Plaintiff, an African-American, the same condition as part of a requested reasonable accommodation.

37. Defendant's stated reasons for Defendant's conduct are not true reasons and are merely pretext to hide Defendant's discriminatory animus.

38. As a result of the racial discrimination Defendant subjected Plaintiff to, Plaintiff suffered damages including but not limited to lost compensation and other employment benefits.  Plaintiff also suffered humiliation, embarrassment, and emotional distress as a direct result of the racial discrimination Defendant subjected her to.  Plaintiff was required to hire legal counsel to address these wrongs and obtain the relief to which she is entitled to at law and equity.

39. By engaging in the conduct set forth above, and in refusing to take prompt, appropriate remedial action despite Plaintiff's complaints, Defendant acted intentionally and with a reckless disregard for its obligations under the law.  Defendant's conduct, as alleged herein, was malicious, oppressive, reprehensible, and inexcusable. Accordingly, Plaintiff is entitled to an award of punitive damages in an amount to be determined by the jury at trial.

<u>Count Two</u>

**Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.**

40. The foregoing paragraphs are realleged and incorporated by reference herein.

41. The Defendant's conduct as alleged at length herein constitutes discrimination based on gender in violation of Title VII.

42. Specifically, Defendant allow two similarly situated male employees to work from home full time while at the same time denying Plaintiff, a female, the same condition as part of a requested reasonable accommodation.

43. Defendant's stated reasons for Defendant's conduct are not true reasons and are merely pretext to hide Defendant's discriminatory animus.

44. As a result of the gender discrimination Defendant subjected Plaintiff to, Plaintiff suffered damages including but not limited to lost compensation and other employment benefits.  Plaintiff also suffered humiliation, embarrassment, and emotional distress as a direct result of the racial discrimination Defendant subjected her to.  Plaintiff was required

to hire legal counsel to address these wrongs and obtain the relief to which she is entitled to at law and equity.

45. By engaging in the conduct set forth above, and in refusing to take prompt, appropriate remedial action despite Plaintiff's complaints, Defendant acted intentionally and with a reckless disregard for its obligations under the law.  Defendant's conduct, as alleged herein, was malicious, oppressive, reprehensible, and inexcusable. Accordingly, Plaintiff is entitled to an award of punitive damages in an amount to be determined by the jury at trial.

<u>Count Three</u>

**Disability Discrimination in Violation of the Americans with Disabilities Act.**

46. The foregoing paragraphs are realleged and incorporated by reference herein.

47. The Defendant's conduct as alleged at length herein constitutes discrimination based on disability in violation of the Americans with Disabilities Act.

48. Specifically, Defendant allow two similarly situated non-disabled employees to work from home full time while at the same time denying Plaintiff, a disabled employee, the same condition as part of a requested reasonable accommodation.

49. Defendant's stated reasons for Defendant's conduct are not true reasons and are merely pretext to hide Defendant's discriminatory animus.

50. As a result of the disability discrimination Defendant subjected Plaintiff to, Plaintiff suffered damages including but not limited to lost compensation and other employment benefits.  Plaintiff also suffered humiliation, embarrassment, and emotional distress as a

direct result of the racial discrimination Defendant subjected her to.  Plaintiff was required to hire legal counsel to address these wrongs and obtain the relief to which she is entitled to at law and equity.

51. By engaging in the conduct set forth above, and in refusing to take prompt, appropriate remedial action despite Plaintiff's complaints, Defendant acted intentionally and with a reckless disregard for its obligations under the law.  Defendant's conduct, as alleged herein, was malicious, oppressive, reprehensible, and inexcusable. Accordingly, Plaintiff is entitled to an award of punitive damages in an amount to be determined by the jury at trial.

<u>Count Four</u>

**Failure to Accommodate**

52. The foregoing paragraphs are realleged and incorporated by reference herein.

53. Defendant is an employer covered by the Americans with Disabilities Act.

54. At all times, Plaintiff was a qualified individual under the Americans with Disabilities Act.

55. Defendant knew of Plaintiff's qualifying disability, or alternatively regarded her as disabled.

56. Defendant knew Plaintiff had requested a reasonable accommodation for her qualifying disability.

57. Defendant failed to offer Plaintiff a reasonable accommodation that did not constitute an undue burden.

58. As a result of the failure to accommodate Defendant subjected Plaintiff to, Plaintiff suffered damages including but not limited to lost compensation and other employment benefits.  Plaintiff also suffered humiliation, embarrassment, and emotional distress as a direct result of the racial discrimination Defendant subjected her to.  Plaintiff was required to hire legal counsel to address these wrongs and obtain the relief to which she is entitled to at law and equity.

59. By engaging in the conduct set forth above, and in refusing to take prompt, appropriate remedial action despite Plaintiff's complaints, Defendant acted intentionally and with a reckless disregard for its obligations under the law.  Defendant's conduct, as alleged herein, was malicious, oppressive, reprehensible, and inexcusable. Accordingly, Plaintiff is entitled to an award of punitive damages in an amount to be determined by the jury at trial.

Count Five

**Failure to Engage in the Interactive Process**

60. The foregoing paragraphs are realleged and incorporated by reference herein.

61. Defendant is an employer covered by the Americans with Disabilities Act.

62. At all times, Plaintiff was a qualified individual under the Americans with Disabilities Act.

63. Defendant knew of Plaintiff's qualifying disability, or alternatively regarded her as disabled.

10

64. Defendant knew Plaintiff had requested a reasonable accommodation for her qualifying disability.

65. Defendant failed to engage with Plaintiff in the reasonable interactive process.

66. As a result of the failure to engage in the reasonable interactive process Defendant subjected Plaintiff to, Plaintiff suffered damages including but not limited to lost compensation and other employment benefits.  Plaintiff also suffered humiliation, embarrassment, and emotional distress as a direct result of the racial discrimination Defendant subjected her to.  Plaintiff was required to hire legal counsel to address these wrongs and obtain the relief to which she is entitled to at law and equity.

67. By engaging in the conduct set forth above, and in refusing to take prompt, appropriate remedial action despite Plaintiff's complaints, Defendant acted intentionally and with a reckless disregard for its obligations under the law.  Defendant's conduct, as alleged herein, was malicious, oppressive, reprehensible, and inexcusable. Accordingly, Plaintiff is entitled to an award of punitive damages in an amount to be determined by the jury at trial.

<u>Count Six</u>

**Retaliation for Engaging in Protected Activities**

68. The foregoing paragraphs are realleged and incorporated by reference herein.

69. Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because Plaintiff engaged in activities protected by the Americans with Disabilities Act.

70. Following her request for a reasonable accommodation pursuant to the Americans with Disabilities Act, Plaintiff was subjected to retaliation including her termination.

71. Defendant's stated reasons for the Defendant's conduct are not true reasons and are merely pretext to hide Defendant's discriminatory animus.

72. As a result of the retaliation Defendant subjected Plaintiff to, Plaintiff suffered damages including but not limited to lost compensation and other employment benefits. Plaintiff also suffered humiliation, embarrassment, and emotional distress as a direct result of the retaliation Defendant subjected her to.  Plaintiff was required to hire legal counsel to address these wrongs and obtain the relief to which she is entitled to at law and equity.

73. By engaging in the conduct set forth above, and in refusing to take prompt, appropriate remedial action despite Plaintiff's complaints, Defendant acted intentionally and with a reckless disregard for its obligations under the law.  Defendant's conduct, as alleged herein, was malicious, oppressive, reprehensible, and inexcusable. Accordingly, Plaintiff is entitled to an award of punitive damages in an amount to be determined by the jury at trial.

## VII.   DAMAGES

74. Loss of earnings sustained by Plaintiff from the date of termination to the date of trial;

75. Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

76. The past and future monetary value of all employment-related benefits that Plaintiff lost as a result of Defendant's unlawful actions;

77. Reinstatement to her employment position with Defendant;

78. All other past and future pecuniary losses suffered by Plaintiff;

79. Mental anguish, humiliation, embarrassment, inconvenience, and emotional pain and suffering sustained by Plaintiff from the date of the discrimination and retaliation until the date of trial;

80. Mental anguish, humiliation, embarrassment, inconvenience, and emotional pain and suffering reasonably anticipated to be suffered by Plaintiff in the future;

81. All other actual or compensatory damages authorized by law;

82. Punitive and exemplary damages;

83. Attorneys' fees;

84. All costs of court authorized by law;

85. Injunctive and equitable relief as authorized by Title VII;

86. Pre-judgment interest at the highest rate allowed by law;

87. Post-judgment interest at the highest rate allowed by law;

88. Past and future medical bills and expenses;

89. All other relief, legal or equitable, to which Plaintiff may be entitled.

### VIII.  ATTORNEYS' FEES

90. As a direct and proximate result of Defendant's violations of the law, as described above, Plaintiff was compelled to retain legal counsel in an effort to protect her legal rights and file this lawsuit.

91. Plaintiff has incurred, and will continue to incur, legal fees and costs, the nature and extent of which are presently unknown.

92. Accordingly, Plaintiff requests and award of attorney's fees, costs and expenses, including but not limited to expert witness fees, as allowed by all applicable statutes.

## IX. JURY DEMAND

93. Plaintiff requests a trial by jury on all issues to be tried in this matter.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Defendant be cited to appear upon a final disposition of this matter, that Defendant be Ordered to pay Plaintiff damages and provide affirmative relief in an amount determined by a jury.

Respectfully submitted,

/s/ *Anissah Nguyen*

Anissah M. Nguyen
State Bar No. 24072895
Fed Bar No. 2023886
Email: anguyen@ulg.law
John Cruickshank
State Bar No. 24045730
Fed Bar No. 910674
Email: jcruickshank@ulg.law
Julie M. Maxey
State Bar No. 24083462
Fed Bar No. 3736839

14

Email: jmaxey@ulg.law
10350 Richmond Ave., Suite 450
Houston, Texas 77042
Phone: (832) 767-0339
Fax: (832) 767-0669
service@ulg.law

**ATTORNEYS FOR PLAINTIFF**

15