## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Tressie Bailey | § | |
| Plaintiff | § | |
| vs. | § | Civil Action No. 4:24-cv-01871 |
| Fiserv Solutions, LLC | § | |
| Defendant | § | |

## JOINT DISCOVERY/ CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

Response:   Counsel for Plaintiff John Cruickshank conferred with Counsel for Defendant Brooke C. Bahlinger on September 17, 2024.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

Response:    To the best of the parties knowledge, none.

3. Briefly describe what the case is about.

Response:    Plaintiff is a disabled African-American female who was formerly employed by Defendant.  Plaintiff requested a reasonable accommodation from Defendant to accommodate her disability.  Defendant failed to engage in the reasonable interactive process and denied the requested accommodation and terminated her.  Plaintiff is aware of two other similarly situated white male employees of Defendant who were given the same reasonable accommodation that Plaintiff requested.  Plaintiff is suing for racial discrimination, gender discrimination, disability discrimination, failure to accommodate, failure to engage in the interactive

process, and retaliation for engaging in protected activities. Defendant denies Plaintiff's allegations as described above.

4. Specify the allegation of federal jurisdiction.

Response:    Jurisdiction is based on federal question. Plaintiff alleges violations of the federal statutes of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act and related statutes and amendments.


5. Name the parties who disagree and the reasons.

Response:    Plaintiff Tressie Bailey and Defendant Fiserv Solutions, LLC disagree on whether Plaintiff was treated differently than other similarly situated white employees, whether Plaintiff was treated differently than other similarly situated male employees, whether Plaintiff properly invoked and qualified for the protections of the Americans with Disabilities Act, whether Defendant failed to properly fulfill its obligations under the Americans with Disabilities Act, whether and how Plaintiff's employment with Defendant ended, and whether Defendant retaliated against Plaintiff for engaging in protected activity. The reasons for the disagreement are presently unknown.


6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Response:    To the best of the parties' knowledge, none.


7. List anticipated interventions.

Response:    To the best of the parties' knowledge, none.


8. Describe class-action issues.

Response:    To the best of the parties' knowledge, none.


9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Response:   The parties have agreed to complete the exchange of Rule 26(a) disclosures by October 1, 2024.

10. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

Response:   The parties are submitted their Joint Discovery/Case Management Plan on September 23, 2024.

B. When and to whom the plaintiff anticipates it may send interrogatories.

Response:   Plaintiff anticipates sending Interrogatories to Defendant by November 1, 2024.

C. When and to whom the defendant anticipates it may send interrogatories.

Response:   Defendant anticipates sending Interrogatories to Plaintiff by October 1, 2024.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

Response:   Plaintiff anticipates completing depositions by May 1, 2025.

E. Of whom and by when the defendant anticipates taking oral depositions.

Response:   Defendant anticipates completing depositions by May 30, 2025.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Response:   Plaintiff anticipates designating any experts and providing a required expert report by March 3, 2025.  Defendant anticipates designating any experts and providing a required expert report by March 17, 2025.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Response:   At this time, Plaintiff has not identified any expert witnesses.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Response:   At this time, Defendant has not identified any expert witnesses.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Response:     The parties have agreed on the discovery plan.


12. Specify the discovery beyond initial disclosures that has been undertaken to date.

Response:     None.


13. State the date the planned discovery can be reasonably completed.

Response:     June 2, 2025.


14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Response:     The parties are open to early dispute resolution and will further discuss the possibility of mediation after the completion of early discovery.  The parties anticipate completing any agreed mediation by May 1, 2025.


15. Describe what each party has done or agreed to do to bring about a prompt resolution.

Response:     The parties have not yet begun discussions for a prompt resolution but expect that to occur shortly after the completion of early discovery.


16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

Response:     The parties are open to mediation by a federal magistrate.


17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

Response:    The parties are opposed to the trial being conducted by a magistrate judge.

18. State whether a jury demand has been made and if was made on time.

Response:    A jury demand was timely made.

19. Specify the number of hours it will take to present the evidence in this case.

Response:    The parties estimate 20 hours of trial time.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

Response:    None.

21. List other motions pending.

Response:    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

Response:    None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

Response:    The parties certify that the Disclosure of Interested Parties has been filed.  Plaintiff filed hers on May 31, 2-2024 and Defendant filed theirs on June 13, 2024.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

For Plaintiff:                                    For Defendant:

**Universal Law Group**                           **Foley & Lardner, LLP**

10350 Richmond Ave. Ste. 450                      Carrie B. Hoffman
Houston, Texas 77042                              Texas State Bar No. 00787701
Telephone: 832-767-0339                           choffman@foley.com
Anissah Nguyen                                    Brooke C. Bahlinger
Texas Bar#: 24072895                              Texas State Bar No. 24116056
Fed Bar#: 2023886                                 bbahlinger@foley.com
anguyen@ulg.law                                   2021 McKinney Avenue, Suite 1600
John Cruickshank                                  Dallas, Texas 75201
Texas Bar#: 24045730                              Telephone: (214) 999-3000
Fed Bar#: 910674                                  Facsimile: (214) 999-4667
jcruickshank@ulg.law
Julie Maxey                                       Austin Falcon
Texas Bar#: 24083462                              Federal ID No. 3864982
Fed Bar#: 3736839                                 afalcon@foley.com
jmaxey@ulg.law                                    1000 Louisiana Street, Suite 2000
                                                  Houston, Texas 77002
                                                  Telephone: (713) 276-5500
                                                  Facsimile: (713) 276-5555


Date:  9/23/2024


Respectfully Submitted,

Universal Law Group, PLLC              Foley & Lardner, LLP




/s/ Anissah Nguyen                     /s/ Carrie B. Hoffman (with permission)
Anissah Nguyen                         Carrie B. Hoffman